BRISCOE, Chief Judge,
dissenting.
I respectfully dissent. It was the government’s burden to prove that Officer Valdez had reasonable suspicion that Francisco Burciaga had violated New Mexico’s turn signal law. Because the government fails to point to “specific and articulable facts,” Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), demonstrating a “ ‘particularized and objective basis’ ” for believing that a violation occurred, Tibbetts, 396 F.3d at 1138 (quoting United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)), I would affirm.
*1236 Notwithstanding the expansive interpretation it has received from the New Mexico Supreme Court, the law at issue in this case does not require a driver to signal before a lane change in all instances. Hubble, 206 P.3d at 583. The government acknowledges as much. See Aplt. Reply Br. at 12 (“The government does not contend that signaling is required in all cases in which other traffic is present when a lane change occurs.”). Rather, whether a signal is required in a given situation depends on the facts. An officer’s task is to “determine whether certain facts — the relative positions of the vehicles and their direction of travel — constitute! ] a scenario where [traffic] may [be] affected by [a driver’s unsignaled] movement.” Hubble, 206 P.3d at 587 (emphasis in original). Our task is to determine whether Officer Valdez articulated specific facts showing that he had reasonable suspicion that a violation had occurred.
The most relevant fact must surely be the distance between Burciaga and any other traffic in the moments leading up to Burciaga’s lane change.[4] But with regard to this critical issue, Officer Valdez said little more than that Burciaga “got a little ways in front” before changing lanes. Aplt. App. at 111-12. Officer Valdez never provided a concrete estimate of his actual distance from Burciaga. Nor did he estimate his own speed.[5] Instead of articulating specific facts that would allow this court to review the reasonableness of his decision to stop Burciaga, Officer Valdez offered only vague and conclusory testimony as to his “subjective opinions and beliefs.” Maj. Op. at 1235. Although the government’s burden of proof in this case could hardly have been lower, it was not met. Accordingly, I would affirm the district court’s order granting Burciaga’s motion to suppress.

. The government concedes that "if another car was on a highway but was a great distance behind or in front of a driver changing lanes, no signal would be needed.” Aplt. Reply Br. at 12. Cf., e.g., United States v. Burkley, 513 F.3d 1183, 1187 (10th Cir.2008) ("Clearly, a vehicle traveling approximately one-and-a-half car lengths behind another vehicle 'may be affected’ by that vehicle’s failure to signal its intention to make a right turn.”) (applying Oklahoma law); Clower v. W. Va. Dep’t of Motor Vehicles, 223 W.Va. 535, 678 S.E.2d 41, 49 (2009) (concluding that where officer was at least one block away from a driver, the officer "could not possibly have been affected by [the driver’s] right turn”); Grindeland v. State, 306 Mont. 262, 32 P.3d 767, 769-70 (2001) (rejecting the government's argument that the presence of other vehicles in the vicinity was sufficient for reasonable suspicion, where officer "could not recall the location of those vehicles in relation to the intersection and [the defendant’s] vehicle” and therefore had "insufficient objective data” to justify a stop).

. Officer Valdez did testify that Burciaga was traveling at the speed limit of seventy-five miles per hour, while his own speed was lower when he pulled back onto the highway after checking on a maintenance truck on the shoulder. Aplt. App. at 133. Traveling at a lower speed, he would have been less likely to be affected by the lane change ahead of him.